Our fourth case for today is United States v. Matthew R. Jones, number 19-1768, and we will begin with Melissa. Thank you, Your Honor, and may it please the Court and Counsel. Your Honor, we raised two separate issues. We raised the trial conviction issue and we raised the sentencing issue. In its brief, the government seems to have agreed with us that the case, at the very least, would warrant a resentencing. So unless the Court has any questions regarding the TAPIA issue, I would not delay on that any further. There are three reasons the conviction in this case should be vacated. The first is Rule 29 motion was improperly denied based on the findings in the Rahif case, or on the holding of the Rahif case. The second is that there was a flaw in the indictment, and the third is that there was a flaw in the jury instructions. I'd start with the Rule 29 issue. In the transcript, in the record of this case, Judge Baker clearly stated that he was making his decision based on a three-element analysis, not the fourth knowledge element. So could I ask you, I really have this question for both you and for counsel who will be arguing in our last orally argued case, Batiste. I'm looking at Rahif, and the Court says at the beginning, right before Part 2, that it granted certiorari to consider whether in prosecutions under these statutes, 922G, the government must prove that a defendant knows of his status as a person barred from possessing a firearm. So what I want to explore is whether you understand that to mean, in this instance, that the person knows that he's an ex-felon, that he had been convicted of a crime for which the punishment was more than a year, or whether you think Rahif is calling for knowledge that as an ex-felon, you can't have a gun. Those are two different things. A lot of these people are perfectly aware that they've spent more than a year in prison for a criminal conviction. But whether they know the second thing, whether they know that the conviction means that they can't have a gun, the proof would be more extensive in a case like that. So I want to know what you think the rule is. Yes, Your Honor. I would think it's the second, not just that they know that they're a felon, but whether they know that as a felon they can't possess a gun. And I specifically would drill down a little bit more on that. And my understanding as Rahif is that they have to know that they belong to the relevant prohibited class. In Rahif, the petitioner in that case was an undocumented immigrant. And he didn't realize that he was an undocumented immigrant. He didn't realize that that is the particular class he belonged to. And so my understanding as Rahif is that a defendant on a 922G case such as Mr. Jones has to know not just that he's a felon, but that he can't possess a gun because he's a felon. And I would point, this kind of gets into some of the merits of the actual Rule 29 review that I think this court should undertake given the ruling below. The government cites to a phone call where Mr. Jones talks about someone needing a Floyd card, find someone who has a Floyd card. It could be, and this is basically the imposition of the evidence, it could be that Mr. Jones thought he wasn't allowed to have a gun because he didn't have a Floyd card. And that is not the requisite scienter necessary for a 922G conviction under Rahif as I understood it. Mr. Aliza, it's an interesting question. As far as I know, other circuits that have been looking at this question have all gone with the narrower reading of Rahif. That is, does the person know, did Rahif know he was an illegal alien? Not did he know that undocumented aliens were prohibited from having firearms? If that's the case, if for purposes of argument we were to adopt the narrower view of Rahif, why isn't the combination of the old chief stipulation that I do have a prior felony conviction in a juror's common sense, namely that a felony conviction is a kind of life event that that person is unlikely to forget, why is that not sufficient to, if that's all the evidence on the question, sufficient to infer knowledge of status of the felony conviction? Well, for one, Your Honor, the old chief conviction really only talked about the paperwork. It's made after the fact with the benefit of advice from counsel. Now, I can sit down. I know the limits of it. But why isn't it a fair inference, if you've signed your name on that old chief stipulation, that, yes, you know it at the time you signed it, but you knew it back when you were spending several years in prison, too, back when you committed the later offense of being a felon in possession of a firearm? It's kind of one of those things that's completely outside of what the jury actually saw, though. You mentioned spending several years in prison. The government has not submitted, even at this hour, anything from Mr. Jones' IDOC records to demonstrate how long he was in. So there's nothing in the records saying how long Mr. Jones was in. And we referenced the other circuits. One of the issues that come up is, and this was referenced in the dissent by Justice Alito, is that being a felon is sometimes a complicated legal question. People don't actually know. But everybody's relying on this Justice Alito language in his dissent. But it was a dissent, right? The majority is calling for this scienter. And as I say, I have a serious question about which way we ought to read the Supreme Court's opinion. What's the point of this knowledge requirement? If the knowledge requirement is always going to be satisfied by an old chief stipulation and the common sense fact that if you were sentenced to four years in state prison, that's, as Judge Hamilton said, that's a big event in your life, unless you have some reason to think that there's some ambiguity in one of the other subsections of 922. You know, there's the misdemeanor of domestic violence subsection. There's the unlawful alien subsection. There are quite a few of them, and maybe some of them would yield greater ambiguity than this particular one does. This one doesn't seem like it would be all that hard for the government to prove if it's the narrow reading. But, of course, the issue is if there's a stipulation, if that satisfies the knowledge requirement, and I do think this is a question the court will have to grapple with, does Rahim change what the government has to show? If there's absolutely no more evidentiary requirement after Rahim, if all you have to do is say that months after the fact the defendant was used. That's not what I'm trying to suggest, Mr. Melissa. I'm trying to suggest the Rahim stipulation would not prevent a defendant from contesting knowledge. If, for example, he was in one of those categories where it's not clear whether he had a felony conviction, you know, he got sentenced to probation only, a defendant could come in and testify, yeah, I thought we negotiated such a good deal on that, I didn't think it counted as a felony. That would be perfectly legitimate, as I read Rahim. But the question is if the evidence is only the old chief stipulation, plus the common sense that this is unlikely to be forgotten, is that enough to satisfy the Rule 29 standard? And I would say no, Your Honor. I think the example you just gave, that the defendant could chime in and present some other evidence, shifts the burden onto a defendant in a criminal case. So, Mr. Melissa, I'm just going to interrupt and say you're getting close to your last minute. All right, Your Honor. I'd move very quickly to the indictment injury instructions, particularly the indictment issue. The central issue is whether Mr. Jones had adequate notice. And in this case, as the PSR has shown, he did have mental difficulties, and the indictment didn't put him on notice that he would have to contest his knowledge, his science on this issue. He didn't put forth evidence in an affirmative manner about his mental health and his bizarre ideations as it was put in the PSR. And that gets to the fundamental issue of whether that affected the process, whether that affected the decisions that he made, and it invalidates the result because it essentially deprived the defendant of normal defense. Yes, Your Honor. On the indictment, Mr. Melissa, could you address the implications of the Supreme Court's Johnson decision in which it said, at least as I understand it, that leaving out the issue of materiality is the kind of problem that can be waived with respect to an indictment? Yes, Your Honor. Now, it can be waived sometimes, but it can't be waived insofar as the indictment fundamentally changes the process and fundamentally changes the entire trial plan, Your Honor. What about materiality in the crime in Johnson? Knowledge is material, Your Honor. You're trying to distinguish cotton because there the issue had to do with punishment, not just guilt or innocence. It may or may not work, but I don't see how that distinction works with respect to Johnson. Well, Your Honor, I disrespectfully disagree, but I understand the position. Well, tell me why. No, I'm saying that I do think that the materiality of Mr. Johnson's knowledge is central to his defense. No, no, no. Sorry, Your Honor. It's an elusive line. Mr. Johnson was an omission of a materiality element from the indictment, right? Yes. I hope I'm not misremembering this. Here you're arguing that the omission of the knowledge of status as a felon from the indictment is an unfixable error. It must be that it requires reversal. A similar error in Johnson did not. Why is Johnson different from this case? Your Honor, if I could get to that in rebuttal, I'd like to reserve time, if that would be possible. I think we'll issue an order if we want more, so we'll consider that. But I think we need to stop now because we're rather over time, and we will move to Ms. Boyle. Ms. Boyle, are you on the line? Good morning. There you are. Yes. Good morning, Your Honor. May it please the court, counsel, Catherine Boyle on behalf of the United States. First, Mr. Jones waived any challenge to his indictment by failing to move to dismiss it prior to trial. So, Ms. Boyle, I have to pick a bone with you here because Rule 12 used to use the term waiver in a somewhat pre-O'Lano sense of the term, and the rule has since been amended just to clarify that it never really was an intentional relinquishment of a known right that just took an issue off the table. It's always been capable of being overcome by good cause, and it really, when all is said and done, winds up much more like a plain error problem than a waiver issue, in my view.  I understand. Because every single court of appeals that had considered this issue had thought that we were looking at a three-element offense, and then the Supreme Court said, actually, no, you're looking at a four-element offense. So, I think you have a very strong argument for plain error review, and I'm completely satisfied under Cotton and other cases that this is not a jurisdictional flaw, but I don't think it's waiver either. Yes, Your Honor. I understand that point. We were making the waiver argument based on the fact that Mr. Jones' trial had taken place in December 2018. At that time, defendants had been arguing in courts nationwide that the government was required to prove a defendant's knowledge of the felon status in order to sustain the 922G conviction. But no one had accepted it. Now, remember, it's not until January, I believe, that the court actually grants cert in Rehave. Yes, Your Honor, although I do believe the petitioner had filed by December 2018. But I take your point, and we think in any case that Mr. Jones' indictment and grand jury claims wouldn't survive plain error review, even if the court were to find that the indictment argument was not waived. I'd like to focus on the alleged trial error, unless the court has further questions on the waiver. I have further questions about the same question I posed to your opponent, when the Supreme Court says the government must prove that a defendant knows of his status as a person barred from possessing a firearm. I have trouble reading that sentence as calling for something less than knowledge that you are a person barred from possessing a firearm, for one of any of the reasons that 922G happens to enumerate. And your brief assumes that you just have to know you're a felon. You don't have to know that felons can own guns or not own guns. You don't have to worry about restoration of rights. You don't have to worry about anything. That knowledge that you're a felon is alone enough. And how is that consistent with the Supreme Court's language? Your Honor, we do believe that you only need to, under the rehafe element, the government need only show that the individual knew they were a felon. We've, as I think Judge Hamilton noted earlier... But that's, look at page 2200 of the conclusion. That was what I first quoted from is where they state what the question presented is. But the conclusion is this. We conclude that in a prosecution under 922G and 924A2, the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Your Honor, I would say, I would focus on that the defendant knew he belonged to the relevant category of persons barred. That's just, in here, the category is he's a felon who's been convicted of a sentence of imprisonment of more than one year. We don't believe rehafe calls for anything more than showing the defendant knew that he was a felon. And I think as Judge Hamilton pointed out earlier, most of the circuits to consider this issue are taking that more narrow approach. No, I mean, that's fine. They can do that. So it's enough then, in your view, for somebody to know that he or she is an unlawful user of or addicted to any controlled substance? I'm sorry, Your Honor. Could you... That's one of the other things, again, in the appendix to rehafe, one of the subcategories of 922G, 922G3, is that one of the statuses is that of an unlawful user of or addicted to any controlled substance. So, again, you don't have to know that those people can't own guns. You just have to know that you're an addict. Yes, Your Honor. I think here, I do think that we should be reading the Supreme Court's decision in rehafe narrowly. I don't think that the language implies anything other than that it was necessary to know which category you're in. It's not necessary to know that especially that being in that category has the effect of barring you from possession. But, you know, the evidence in a lot of cases, perhaps even Mr. Jones' case, would satisfy the broader reading. He convinces his girlfriend to lie under oath and claim the guns were hers. Well, that would suggest knowledge that you are a person who shouldn't have guns, seems to me. I mean, I don't know that this is an impossible burden for the government. It's just a little harder than just showing that you know that you're an addict or you know you're a felon or you know you're an illegal alien or whatever. He did have a prior conviction for unlawful possession of a weapon by a felon. Exactly. Yeah, so he's maybe a pretty easy one to show. He did, Your Honor, and to that point, we believe here that the instructional error and the alleged errors did not affect Mr. Jones' substantial rights or the fairness, integrity, or public reputation of the judicial proceedings in part because, as you're noting, the evidence at trial was sufficient. Even though the jury wasn't instructed on the rehafe element, viewing the evidence in the light most favorable to the United States, Mr. Jones knew that he was a felon, and there's additional record evidence that shows he knew about his status. But wasn't Mr. Jones somebody who had – I mean, I'm going to take the devil's advocate on the other side now. He had drug and alcohol addiction problems. He had some mental issues. Why shouldn't he have the chance to show that he didn't know that he was in a prohibited status? Maybe cognitively he's weak. Your Honor, I believe there are a couple of points to respond to that. As we noted in our brief, we believe in this case Mr. Jones invited any error as to the sufficiency of the evidence. The district court was required to accept his stipulation, and under the constraints of old chief, the government was not able to present further evidence of his prior felony convictions. So Mr. Jones is the one who sort of kept these issues out of the trial, in particular that prior conviction for unlawful possession of a weapon by a felon in state court for which he was sentenced to four years' imprisonment. So it's the government's position that because Mr. Jones invited this error as to this evidence regarding his prior felony convictions, his knowledge of the status, it's not really the government's fault that it wasn't put at issue here. So you would say any time there's an old chief stipulation, there's invited error? Is that right? No, Your Honor. I would not say that. I think that this is a very unique circumstance where the stipulation as to the fact of the prior felony is so closely related to this idea of knowledge of status. And then in combination with that, you also have the old chief issue where the government is compelled to stipulate, and the court is compelled to accept it. So I wouldn't say that any Supreme Court decision would create an invited error situation. Ms. Boyle, can I ask you, you alluded to this I think in your brief, but what are people doing now in the district courts about the combination of Rahafe and old chief? Your Honor, I believe for the most part, and I haven't done one of these cases since Rahafe was decided, but based on speaking with my colleagues, it sounded like generally speaking, the government is attempting to get a stipulation both to the fact of the prior conviction and the knowledge of status. And that goes to the... I apologize, Your Honor. Well, I mean, at least the way I read the two cases in combination, the government, without a stipulation to knowledge, ought to be entitled to put an awful lot of the defendant's record of convictions and imprisonments into the record to prove knowledge beyond a reasonable doubt. And I can't imagine too many defendants would be interested in actually offering such evidence or having to rebut such evidence. I agree with that, Your Honor. In a situation like this where Mr. Jones clearly had made a strategic trial decision to keep the evidence of his prior felonies out, which is partly because he had that felon in possession prior from state court, it's really beggars belief to think that Mr. Jones would then have not stipulated to the knowledge issue, knowing that he would lose all the benefit of the stipulation to the prior conviction when the jury saw his three qualifying priors besides the felon in possession offense, could see evidence of all of these to show that he actually had knowledge of his status. Okay. Ms. Boyle, I should alert you again that your time is now up. If any member of the panel has further questions, that's fine, of course. Not here. If Your Honors have no further questions, we'll rest on the arguments in our brief. Thank you. Thank you very much. Anything further, Mr. Melisa? Very briefly, please, Your Honor. I would note we did actually include in the reply brief a version of the stipulations that are put in in the district courts now. That was, in fact, done with the same defense attorney and same prosecutor. And it adds an extra sentence essentially talking about knowledge completely separate from the prior conviction. And with regard to Johnson, in that case, it's distinguishable because the evidence was overwhelming about materiality, whereas factually here it's not overwhelming as to Mr. Jones' knowledge. And last, Your Honor, Ms. Boyle made a point saying that it beggars belief what a defendant might have done. This is not a case where a defendant pled guilty. He went to trial, he asserted there was insufficient evidence, and he actually had no burden to present anything. And so the conjecture of what he might have done in a different scenario was inappropriate in this case. Okay, I think we're going to have to wrap up pretty quickly because we're over time again. Well, unless the court has any questions, I have nothing further. All right, well, thank you very much. Thanks to all counsel. We'll take the case under advisement.